UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESMERALDA PINEDA, | § § § § | CIVIL ACTION NO. |
| Plaintiff, | § § § | _____ |
| VS. <br> Equinix, Inc., | § § § § | |
| Defendant. | § § § § § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Esmeralda Pineda, hereinafter called "Plaintiff" or "Pineda," by and through the undersigned attorney, complaining of and about Equinix, Inc. ("Equinix" or "Defendant"), and for causes of action shown unto the Court the following:

**PRELIMINARY STATEMENT**

1.  The Plaintiff, Esmeralda Pineda, brings this action against the Defendant, for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e).

2.  At the time of the discrimination and retaliation, Pineda was employed with Equinix, as an IBX Technician III.

## JURISDICTION

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under Title VII. This action further arises under the U.S. Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over any state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice(s) were committed in the Northern District of Texas-Dallas Division, the relevant employment records are maintained in this district, and the aggrieved person would have worked in this district but for the alleged unlawful employment practice. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the asserted claims occurred. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

## CONDITIONS PRECEDENT

5. On June 22, 2023, Ms. Pineda timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "Commission") on the basis of sex, retaliation, disability, hostile work environment, and sexual harassment  Ms. Pineda's charge of discrimination provided enough information to trigger the EEOC's investigatory and conciliatory

procedures into disability, failure to provide reasonable accommodation, hostile work environment, and retaliation. An EEOC investigation ensued thereafter.

6. The Commission issued Ms. Pineda a right to sue letter ("RTS") affording her up to 90 days to file suit in U.S. District Court against the Respondent. The RTS letter was dated September 16, 2024, but Pineda did not receive the letter until sometime after that date. Ms. Pineda's lawsuit was filed within the requisite period of time.

7. Ms. Pineda has complied with all conditions precedent to raising the claim(s) set forth in this matter.

8. Pineda adequately exhausted her administrative remedies prior to filing this lawsuit.

9. Pineda has mitigated her damages to at least the extent required by law.

## PARTIES & SERVICE

10. **Plaintiff Esmeralda Pineda** is an individual who resides in Dallas County, Texas. Plaintiff is a citizen of Texas. Plaintiff may be contacted by her undersigned attorney. Pineda was an employee, as defined by Title VII.

11. **Defendant Equinix, Inc.** is a corporation with a principal place of business located at **1950 North Stemmons Freeway, Suite 1034, Dallas, Texas 75207**. **Defendant Equinix, Inc.** may be served by serving **United Agent Group, Inc.,** its Registered Agent authorized to accept service at **5444 Westheimer, # 1000, Houston, Texas 77056.**

## FACTS

12. According to Equinix's website, "Equinix is the world's digital infrastructure company. We interconnect industry-leading organizations such as finance, manufacturing, retail, transportation, government, healthcare, and education across a digital-first world. Business leaders harness our trusted global platform to bring together and interconnect the foundational infrastructure that powers their success—sustainably and securely[1]."

13. "Founded in Silicon Valley in 1998 as a vendor-neutral multitenant data center provider where leading networks come together to securely connect networks and share data traffic, we chose a name that reflected the company's focus on EQUality, Neutrality and Internet eXchange—Equinix[2]."

14. Equinix maintains a physical presence in Dallas, Texas at 1950 North Stemmons Freeway, Suite 1034, Dallas, Texas 75207.

15. Equinix employed 15 or more employees for 20 or more calendar workweeks in either the current or preceding calendar years. Ms. Pineda was a qualified individual with a disability who, with or without reasonable accommodation, could perform the essential functions of her job.

16. Ms. Pineda was employed as an IBX Technician at the Equinix Data Center in Dallas, Texas from September 30, 2019, through September 12, 2022.

---

[1] https://Equinix.com/about/
[2] https://Equinix.com/about/

17. On May 24, 2021, Ms. Pineda was sexually harassed by a coworker named Miguel Gonzalez.

18. On May 25, 2021, Ms. Pineda made a complaint to Equinix that she had been sexually harassed by Mr. Gonzalez. She already reported this incident to her supervisors. Unfortunately, Equinix failed to take any action and forced Ms. Pineda to work the night shift with Mr. Gonzalez.

19. On June 3, 2021, HR Representative, Justine Davis, closed out Ms. Pineda's sexual harassment complaint without taking any action. Ms. Pineda expressed her serious concerns on how her complaint was handled by Equinix.

20. In June and July of 2021, Ms. Pineda discussed her workplace concerns with her supervisor, Brandon Allen. She further discussed how uncomfortable the closure of her complaint made her feel. As a result of her complaint, Equinix restricted Ms. Pineda to an office. This was her supervisor's attempt to keep Mr. Gonzalez from interacting with Ms. Pineda in the database center.

21. On July 20, 2021, Mr. Gonzalez entered Ms. Pineda's workspace. This caused her to run out of the office in tears and panic. The next day, she discussed her concerns with two supervisors, Eric Harmon and Brandon Allen. Due to HR refusing to take any action against Mr. Gonzalez and Ms. Pineda's discomfort, the supervisors suggested that she request to be moved to the night shift.

22. On February 14, 2022, Ms. Pineda was issued a Final Written Warning that she had been allegedly abusing the COVID-19 pay code. Ms. Pineda only used the COVID-19 pay

code when HR and her supervisor instructed her to do so. On information and belief, no other employee received a similar type of write up. Ms. Pineda refused to sign it.

23. On February 15, 2022, Ms. Pineda contacted Jon Lin, EVP and General Manager, Data Center Services, of Equinix. Ms. Pineda to discuss her concerns, complaints, and disagreement about how HR handled her sexual harassment complaint. She also discussed how she felt retaliated against and targeted by HR when she was issued a final written warning for alleged abuse of COVID-19 pay.

24. On February 28, 2022, Ms. Pineda filed a Charge of Discrimination on the basis of National Origin and Sex due to the sexual harassment incident. The EEOC assigned charge number 450-2022-02761 to this charge of discrimination. On information and belief, Equinix had knowledge that this charge of discrimination was filed and received a copy of it.

25. On March 31, 2022, the EEOC issued a right-to-sue letter related to Charge No. 450-2022-02761. Ms. Pineda did not file a lawsuit related to the 2022 charge of discrimination and understands that the claim(s) asserted in that charge is barred.

26. On May 11, 2022, Ms. Pineda provided her supervisor with a medical letter from her Rheumatologist explaining her diagnosis of fibromyalgia and how it could affect her work. According to Ms. Pineda's physician's letter, "Fibromyalgia is a chronic musculoskeletal disorder where patients experience chronic muscle pains and aches, joint pains, widespread body stiffness and pain, as well as experienced increased pain sensitivity levels. This condition where the disease activity flares intermittently and often randomly. Due to these issues, patients often experience severe pain, fatigue, and exhaustion making it difficult to perform daily tasks or complete daily job requirements…"

27. On June 21, 2022, several female employees of Equinix, including Ms. Pineda, held a meeting with Chris Kimm, Sr. Vice President of GCCX. Many of these women, including Ms. Pineda, complained about the sexual harassment that many of them experienced in the workplace. Ms. Pineda further expressed her disagreement with how HR handled her sexual harassment complaint, closed it out with taking appropriate remedial measures, and failed to follow-up. Ms. Pineda was very clear and blunt about her concerns during this meeting.

28. On July 11, 2022, Mr. Kimm held an in-person meeting with Ms. Pineda about her concerns raised in the June 21, 2022, meeting with the women of Equinix. Mr. Kimm informed Ms. Pineda that Equinix parted ways with the majority of management. Ms. Pineda informed him that the problem lies with HR and the way they handled her sexual harassment complaint. Mr. Kimm failed to address that issue.

29. On August 10, 2022 Ms. Pineda notified Steve James that she would be late for work due to traffic and her doctor's appointment where she experienced bodily pain, which is consistent with the fibromyalgia diagnosis.

30. On August 11, 2022, Ms. Pineda notified Steve James that she isn't feeling any better and continues to have bodily pain. She was also trying to fill a prescription for the pain.

31. On August 16, 2022, Ms. Pineda notified Steve James that she needed to leave work early due to the side effects of her new medications making her feel drowsy, dizzy, and nauseated.

32. On September 8, 2022, Ms. Pineda emailed Charles Meyers, CEO and President of Equinix, along with other corporate management officials to continue to express her concerns

about opposing sexual harassment and HR's ineffective handling of her sexual harassment complaint.

33. On September 8, 2022, Ms. Pineda met with Rauf Abdel, EVP Global Operations about the working conditions and issues on site, including how women were treated less favorably than men.

34. On September 8, 2022, Ms. Pineda notifed Steve James that she would not be able to make it to work this night due to not feeling well. Ms. Pineda further stated, "I've been feeling this way since I left the site this morning. I do no think it's covid related, I think it's just everything from this morning. The stress, anxiety, and feeling of being overwhelmed along with that meeting with Rauf just have me on edge, and I think that's what's causing me to feel this way."

35. On September 12, 2022, Ms. Pineda was terminated from her employment with Equinix.

36. Ms. Pineda's disabilities substantially limited her major life activities. She was extremely stressed.

37. Ms. Pineda has suffered tremendously due to Equinix's failure to comply with Title VII.

## COUNT ONE

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964
(42 U.S.C. §§ 2000e et al.) Against Equinix**

38. Pineda repeats and re-alleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39. Pineda engaged in protected activity by initiating several internal complaints to Equinix in opposition to unlawful employment practices. Pineda asserted her claims of sexual harassment, hostile work environment, and disabilities in her internal complaints to Equinix. Shortly thereafter, Pineda was subjected to continuous acts of retaliation, and her employment was terminated.

40. Pineda suffered damages as a result of Equinix's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, attorney fees, and the costs of bringing this action.

41. The defendant intentionally violated Pineda's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO
### Hostile Work Environment Against Equinix

42. Pineda repeats and re-alleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. Pineda was a member of at least the protected classes of sex, female, and suffered from one or more disabilities. Pineda was subjected to continuous harassment on the basis of

disabilities through the acts and/or omissions of agents of Equinix who failed to engage in the interactive process. Pineda was qualified for the position of IBX Technician.

44. Through its agents, Equinix changed the terms and conditions of Ms. Pineda's employment when it failed to reasonably accommodate her due to her disabilities. During this time, Ms. Pineda was further subjected to several instances of retaliation due to her earlier complaints. This further exacerbated her disabilities.

45. Even if Equinix did not intentionally discriminate against Pineda, they adopted facially neutral employment practices that created such disparities against Ms. Pineda as a female with disabilities that Equinix's employment practices were the functional equivalent to intentional discrimination.

46. In furtherance of the company's conduct and/or indifference, Equinix's conduct was severe and pervasive enough to where it altered Pineda's conditions of employment and created an abusive working environment.

47. As a result of these acts, the work environment was difficult and intolerable for Ms. Pineda. Ms. Pineda was employed with Equinix for nearly three (3) years, but Equinix treated her differently because of her disabilities and when she opposed the unlawful changes in the terms and conditions of her employment.

48. A combination of the previously aforementioned claims constitutes a hostile work environment against Ms. Pineda's employer.

## COUNT THREE
**Disability Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.)  Against Equinix**

49. Pineda repeats and re-alleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. Ms. Pineda was diagnosed with the disabilities of fibromyalgia, depression, and anxiety. Even though she suffered from these conditions, Ms. Pineda was qualified for the position of IBX Technician and made every effort to perform her job to the best of her ability.

51. Ms. Pineda was a qualified individual. Equinix knew of Ms. Pineda's known physical or mental limitations but failed to communicate with Ms. Pineda to determine if there was a reasonable accommodation that could have been provided to Ms. Pineda. Ultimately, Equinix failed to engage in the interactive process as required under the law.

52. At a minimum, Equinix's duty to accommodate Ms. Pineda was triggered when she asked for accommodation. Although, the duty to accommodate was likely triggered earlier during her employment, the company's decision to deny her accommodation request and terminate her is in violation of the law.

## COUNT FOUR
**Wrongful Discharge**

53. Ms. Pineda repeats and re-alleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54. Defendant, by and through their employees and agents, individually and in concert with each other, wrongfully discharged and otherwise discriminated against Ms. Pineda

in violation of Title VII Civil Rights Act of 1964, as amended, which is an exception to the employment-at-will doctrine in Texas.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages, seniority, and benefits, plus interest as a result of the violations;

C. Award Plaintiff back pay and front pay damages (including benefits);

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action.  Such fees may be awarded under Title VII, the Back Pay Act, 42 USC § 1988--- or if under none of those----the Equal Access to Justice Act.;

E. Award to Plaintiff compensatory damages and emotional distress damages;

F. Award to Plaintiff punitive damages;

G. Equitable relief, such as a declaration that Defendant violated Title VII;

H.   An injunction prohibiting the Defendant from further violating the law against Plaintiff;

I.  An order requiring the Defendant to regularly report to the Court on future efforts to reduce the likelihood of others suffering such violations; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: <u>13 DECEMBER 2024</u>

Arlington, Texas

                              Respectfully submitted,

                    By: <u>     /s/ Lantis G. Roberts                    </u>
                              Lantis G. Roberts
                              Texas Bar No. 24057463
                              E-Mail: <u>Lantis@kreativelaw.com</u>
                              **THE LAW OFFICE OF LANTIS G. ROBERTS, PLLC**
                              1166 West Pioneer Parkway
                              Arlington, TX 76013
                              Tel. (817) 768-1819
                              Fax. (817) 704-4529
                              **Attorney for Esmeralda Pineda**